IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-HC-2001-D

|  |  |  |
|---|---|---|
| WEBSTER DOUGLAS WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN KATRINA HECKARD, | ) | |
| | ) | |
| Respondent. | ) | |

Webster Douglas Williams ("Williams" or "petitioner"), a federal inmate proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Pet. [D.E. 1]; Exs. [D.E. 1-1]. Williams argues that Bureau of Prisons Program Statement 5050.50 requires him to serve at least 50 percent of his sentence before considering him for a reduction in sentence or compassionate release, but prison officials do not apply his earned good conduct time in calculating whether he has served 50 percent. See Pet. 3, 6–11. On March 4, 2024, the court reviewed the petition pursuant to 28 U.S.C. § 2243 and allowed it to proceed. See [D.E. 6].

On April 18, 2024, respondent moved to dismiss the petition [D.E. 11] and filed a memorandum in support [D.E. 12]. The court notified Williams of the motion, the consequences of failing to respond, and the response deadline. See [D.E. 13]; Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On May 2, 2024, Williams responded in opposition. See [D.E. 15]; cf. [D.E. 14]. Williams also moves for appointment of counsel, to supplement his response to include Loper Bright Enterprises v. Raimondo, 144 S. Ct. 2244 (2024), and to expedite. See [D.E. 14]; [D.E. 16]; [D.E. 17]. As explained below, the court grants Williams's motion to

supplement and respondent's motion to dismiss, denies petitioner's motions for appointment of counsel and to expedite, and dismisses the petition.

I.

On December 18, 2012, a grand jury indicted Williams on two counts of knowingly inducing or coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct in violation of 18 U.S.C. § 2251(a) and (e), traveling in interstate commerce with a minor for the purpose of engaging in a sexual act in violation of 18 U.S.C. § 2423(b), and knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). See Williams v. United States, No. 4:12-CR-00969, 2016 WL 3688783, at *1 (D.S.C. July 12, 2016) (unpublished). On June 16, 2014, pursuant to a plea agreement, Williams "plead[ed] guilty to counts one, three, and four in exchange for a stipulated sentence of 262 to 327 months imprisonment." Id. at *2.[1] On December 7, 2015, Williams filed a section 2255 motion. See id. at *3. On July 12, 2016, the court granted the motion in part and vacated and immediately reimposed judgment in order to allow Williams to file an appeal. See Pet. 4; Williams, 2016 WL 3688783, at *6. Williams appealed. On December 16, 2016, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. See United States v. Williams, No. 16-4422, 2016 WL 11856396, at *1 (4th Cir. Dec. 20, 2016) (unpublished); Williams v. United States, No. 4:12-CR-00969, 2018 WL 706338, at *2–3 (D.S.C. Feb. 5, 2018) (unpublished). On February 6, 2017, Williams filed a second section 2255 motion, which the court dismissed with prejudice on February 5, 2018. See Williams, 2018 WL 706338, at *15. Williams appealed. On May 30, 2018,

---

[1] Williams's convictions on counts one and four render him ineligible for additional sentence credits under the First Step Act. See 18 U.S.C. § 3632(d)(4)(D); Perri v. Warden of F.C.I. Fort Dix, No. CV 23-1762, 2024 WL 208847, at *3 (D.N.J. Jan. 19, 2024) (unpublished) (collecting cases).

2

the Fourth Circuit dismissed the appeal. See United States v. Williams, 724 F. App'x 253 (4th Cir. 2018) (per curiam) (unpublished).

II.

Williams moves for appointment of counsel "to review the issues raised in the motion, and to potentially respresent [sic] the Petitioner moving forward." [D.E. 14] 2. No right to counsel exists in habeas corpus actions. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Mackall v. Angelone, 131 F.3d 442, 446–47 (4th Cir. 1997) (en banc). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); see Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024). This action does not present legally complex issues, Williams has adequately set forth his claims, and Williams has the capacity to present those claims. Thus, the interests of justice do not require the appointment of counsel.

Respondent seeks dismissal of Williams's petition. See [D.E. 11]. Federal Rule of Civil Procedure 12(b)(6) tests whether the petition is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Williams fails to plausibly allege that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see, e.g., Cavanaugh v. Johns, 459

3

F. App'x 261, 261 (4th Cir. 2011) (per curiam) (unpublished); Alkamel v. Eischen, No. 22-CV-1630, 2023 WL 2414514, at *9 (D. Minn. Feb. 9, 2023) (unpublished), report and recommendation adopted as modified, 2023 WL 2414549 (D. Minn. Mar. 8, 2023) (unpublished); Manley v. Hendrix, No. 2:20-CV-119, 2020 WL 7122420, at *5 (E.D. Ark. Nov. 12, 2020) (unpublished), report and recommendation adopted, 2020 WL 7081690 (E.D. Ark. Dec. 3, 2020) (unpublished); cf. United States v. Bayron, No. CR 95-338-1, 2021 WL 632677, at *6 (E.D. Pa. Feb. 18, 2021) (unpublished); United States v. Fitzgerald, No. 18-CR-266, 2020 WL 6743771, at *4 (D. Colo. Nov. 17, 2020) (unpublished). The Supreme Court's holding in Loper Bright does not alter this conclusion. See, e.g., Hogge v. Wilson, 648 F. App'x 327, 330 (4th Cir. 2016) (per curiam) (unpublished); Kowalewski v. Warden, FCI Fort Dix, No. CV 23-20320, 2024 WL 3964289, at *6 (D.N.J. Aug. 27, 2024) (unpublished); Cole v. Fikes, No. 2:22-CV-111, 2023 WL 4553634, at *3 (S.D. Ga. June 15, 2023) (unpublished), report and recommendation adopted, 2023 WL 4549590 (S.D. Ga. July 14, 2023) (unpublished); cf. Bayron, 2021 WL 632677, at *3. Accordingly, the court grants respondent's motion to dismiss. The court denies as moot Williams's motion to expedite.

After reviewing the claims presented in Williams's habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find that the court's treatment of Williams's claims was debatable or wrong, and the issue does not deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, the court denies a certificate of appealability.

III.

In sum, the court DENIES petitioner's motions for appointment of counsel and to expedite [D.E. 14, 17], GRANTS petitioner's motion to supplement [D.E. 16] and respondent's motion to dismiss [D.E. 11], DISMISSES WITHOUT PREJUDICE petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1], and DENIES a certificate of appealability.

SO ORDERED. This 21 day of November, 2024.

*JAMES C. DEVER III*
United States District Judge